

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00196-CR
No. 07-18-00197-CR

_____

DEVANTE MANAHAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court Nos. 2011-430,897 & 2018-414,204;
Honorable John J. "Trey" McClendon III, Presiding

October 10, 2018

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In 2011, pursuant to a plea-bargain agreement, Appellant, Devante Manahan, was convicted of burglary of a habitation[1] and sentenced to five years confinement. The trial

---

[1] Act of May 26, 1999, 76th Leg., R.S., ch. 727, § 1, 1999 Tex. Gen. Laws 3336, *amended by* Act of May 19, 2017, 85th Leg., R.S., ch. 338, § 2, 2017 Tex. Gen. Laws 978 (current version at TEX. PENAL CODE ANN. § 30.02(c)(2)).

court suspended Appellant's sentence and placed him on community supervision for a period of five years. The trial court later extended the term of Appellant's community supervision by an additional year. In 2017, the State moved to revoke Appellant's community supervision alleging that he had committed aggravated sexual assault of a child and violated other conditions of his probation. Appellant was later convicted of aggravated sexual assault of a child[2] and sentenced to fifty years confinement on February 28, 2018. The trial court revoked Appellant's community supervision and sentenced him to five years confinement, to run concurrently with his sentence for aggravated sexual assault, on March 5, 2018. These appeals followed.

The appellate record in cause 07-18-00197-CR was due on June 28, 2018, and in cause 07-18-00196-CR on July 3, 2018. The clerk's record was timely filed in both appeals, but the reporter sought a thirty-day extension in each cause due to her case load. We granted the reporter the extensions and subsequently granted two additional thirty-day extensions in each cause. With the last extensions, we admonished the reporter that failure to file the reporter's record by the given deadlines could result in the appeals being abated and the causes remanded to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). The reporter did not file the reporter's record by the court's deadlines and now seeks a fourth extension to October 22, 2018, in each cause.

The court reporter is responsible for preparing, certifying, and timely filing the reporter's record. TEX. R. APP. P. 35.3(b). Additionally, trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. TEX. R. APP. P.

---

[2] TEX. PENAL CODE ANN. § 22.021(a)(2)(B), (f)(1) (West Supp. 2018).

2

35.3(c). Consequently, we now abate these appeals and remand the causes to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to determine the reasons for the delay in filing the reporter's record and take such action as is necessary to ensure the filing of same on or before October 29, 2018. *See* TEX. R. APP. P. 37.3(a)(2). The trial court shall enter findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record filed with this court by November 5, 2018.

Should the reporter file the reporter's record on or before October 22, 2018, she is directed to immediately notify the trial court, in writing, of the filing whereupon the trial court shall <u>not</u> be required to take further action.

It is so ordered.

Per Curiam

Do not publish.